**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| v. | * | Case No.: 07-0078 (GK) |
| | * | |
| **DENISE SEALES MCLEOD** and | * | |
| **NELSON BROCKENBORRUGH** | * | |

## MOTION FOR SEVERANCE DEFENDANTS

Comes now the Defendant herein, Denise Seales McLeod, through counsel, Michael E. Lawlor, and hereby moves this Court pursuant to Fed.R.Crim.P. 8 and 14 to sever those Counts involving the Defendant from those of her codefendant, and to grant her a trial separate from the codefendant, where such codefendant is not properly joined in this Indictment and/or whereby such joinder causes prejudice to this Defendant.

### Relevant Law

Fed. R. Crim. P. 8(b) provides:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Misjoinder is, of course, prejudicial per se. <u>McElroy v. United States</u>, 164 U.S. 76 (1896); <u>Ingraham v. United States</u>, 272 F.2d 567 (4th Cir. 1959); <u>United States v. Kaplan</u>, 588 F.2d 71 (4th Cir. 1978).

Granted, absent special circumstances, individuals indicted together should

be tried together.  United States v. Parodi, 703 F.2d 768, 779 (4th Cir. 1983); United States v. Seidel, 620 F.2d 2006 (4th Cir. 1980); United States v. Mandel, 591 F.2d 1347 (4th Cir. 1976); United States v. Mankins, 497 F.2d 1265 (4th Cir. 1974); United States v. Shuford, 454 F.2d 772 (4th Cir. 1971).  The test for joinder under Rule 8(b) is whether Defendants are alleged to have participated in the same act or transaction or in the same series of acts or transactions.  The fact that each incident of participation may not have constituted a crime on the part of a defendant is of no consequence.

On the other hand, Rule 14 of the Federal Rules of Criminal Procedure provides that, where it appears that prejudice will result from a joint trial of either offenses or defendants, the Court may order a severance of the indictment or of the defendants for separate trial.  Where the propriety of the joinder of counts or defendants is questioned under Rule 8, the defendant is not required to demonstrate prejudice.  Once it is demonstrated that the joinder was improper under Rule 8, severance is mandatory.  United States v. Hedman, 630 F.2d 1184 (7th Cir. 1980), cert. denied, 450 U.S. 965 (1981); United States v. Marionneaux, 514 F.2d 1244 (5th Cir.), cert. denied, 434 U.S. 903 (1977); United States v. Grasso, 55 F.R.D. 288 (E.D. Pa. 1972); Moore's Federal Practice -- Criminal Rules, §14.02[1]; 1 Wright, Federal Practice and Procedure:  Criminal, § 144.

Rule 8(b) was enacted "to prevent the accumulation of prejudice that occurs when several defendants are charged with similar but unrelated offenses."  United

States v. Avery, 760 F.2d 1219, 1222 (11th Cir. 1985), cert. denied, 474 U.S. 1055 (1986). When evaluating whether joinder is proper under Rule 8(b), the court must determine whether the act(s) or transaction(s) in which each defendant allegedly participated are the same.

Courts have defined "same acts or transactions" in a variety of ways. Some have found acts or transactions to be the "same" if they are so interconnected in time, place and manner as to constitute a "common plan or scheme." See, e.g., United States v. Velasquez, 772 F.2d 1348, 1353 (7th Cir. 1985), cert. denied, 476 U.S. 1021 (1986); United States v. Jackson, 562 F.2d 789, 796 (D.C. Cir. 1977). Other courts ask whether the alleged facts establish a "common link" between the defendants. See e.g., United States v. Andrade, 788 F.2d 521, 529 (8th Cir. 1986); United States v. Tashjian, 660 F.2d 829, 833 (1st Cir. 1981). In addition, courts have considered whether "substantially the same facts must be adduced" against each of the joined defendants. United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977).

Rule 14 of the Federal Rules of Criminal Procedure authorizes a district court to "order an election or separate trials of counts, grant the severance of a defendant or provide whatever relief justice requires" where a defendant may be prejudiced by a joint trial. Like the other Rules of Criminal Procedure, Rule 14 is to "be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Fed. R. Crim. P. 2; see also American Bar

Association Standards for Criminal Justice, Joinder and Severance Section 13-3.1 (severance should be granted whenever it is "deemed to promote a fair determination of a defendant's guilt or innocence of each offense").

The court is required to consider a variety of factors when determining whether a joint trial will prejudice a defendant. The cases have emphasized that the question of whether a joint trial infringes upon a defendant's right to a fair trial depends on whether it is within the jury's capacity, given the complexity of the case, to follow admonitory instructions and to keep separate, collate and appraise the evidence relevant as to each defendant independently. United States v. Hedman, 630 F.2d at 1200.

Perhaps the decades of severance jurisprudence were most cogently summarized by the United States Supreme Court in Zafiro v. United States, 506 U.S. 534 (1993), when it said:

> Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts.

Id. at 541.

In suggesting guidelines to be used in granting severance the Supreme Court, in Zafiro, held that severance was required ". . . if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence . . ." or when evidence that the jury should not consider against a defendant and that would not be

admissible if a defendant were tried alone is admitted against a co-defendant." Id. at 539.

As described in more detail below, this case meets or exceeds every guideline established by the Supreme Court. Severance under Rule 14 is necessary to avoid confusion among jurors, to conserve resources, to avoid prejudice to the Defendant, and to provide her a fair trial.

## Argument

Ms. Seales McLeod will be prejudiced on several fronts if she is forced to trial with Mr. Brockenborrugh. First, counsel for Mr. Brockenborrugh has announced his intention to act as a second prosecutor in this case and to center his entire defense on a claim that Ms. Seales McLeod was the sole criminal actor in this case. Further, the government has announced that they intend to introduce statements made by Mr. Brockenborrugh prior to trial, infringing on Ms. Seales McLeod's right of confrontation.[1]

In order to gain a severance based on antagonistic defenses, " 'the antagonism. . . must be such that if the jury believes one defense, it is compelled to convict the other defendant'." United States v. Woods, 210 F.3d 70, 79 (1st Cir. 2000) (citation omitted). Here, on the other hand, rather than having merely hostile

---

[1] Both defendant's made non-custodial statements to investigating agents. As the government points out in their reply to Mr. Brockenborrugh's Motion, Mr. Brockenborrugh has not raised in his Motion to Sever any issue pertaining to his right of confrontation. However, it seems clear that the Court should consider this issue as to both defendants in making a decision on the severance issue.

defenses, Mr. Brockenborrugh has promised to offer any and all evidence possible, including his own testimony, in an effort to cast blame on Ms. Seales-McLeod, in order to win points in his own defense.  This is more than a matter of antagonism.  Rather, forcing Ms. Seales McLeod to fend off advances from both the government and the co-defendant eliminates any chance she will receive a fair trial or to present any meaningful defense to the charges.[2]

In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court recognized that an accused's right to cross-examination, as embodied in the Sixth Amendment, is violated by introduction of a statement by a co-defendant implicating the accused when that co-defendant elects not to testify.  United States v. Coachman, 727 F.2d 1293, 1296-1297 (D.C. Cir. 1984).  Moreover, the Supreme Court recognized the inadequacy of jury instruction to cure any prejudice from the introduction of such statements. 391 U.S. at 129 ("The naive assumption that prejudicial effects can be overcome by instructions to the jury ... all practicing lawyers know to be unmitigated fiction.'") (citing Krulewitch v. United States, 336 U.S. 440, 453 (Jackson, J., concurring)).

---

[2] Somewhat relatedly, the government has made a plea offer to each defendant, though they are "wired" to each other.  Thus, without regard to accuracy of Mr. Brockenborrugh's assertion that all blame should be shouldered by Ms. Seales McLeod, Ms. Seales McLeod cannot accept the plea offer made, or continue to negotiate a plea, given the stance of the co-defendant.  A severance is therefore in the interest of justice as it would likely cause the government to reconsider the "wiring" of the plea offers and permit Ms. Seales McLeod to consider any plea offer that might be extended by the government in that event.  A right, it should be added, afforded almost every defendant in every criminal case but denied Ms. Seales McLeod due to the position held by her co-defendant.

Redaction of the co-defendant's statements to limit any references to Ms. Seales McLeod would be inadequate in this case since the jury nonetheless would infer that references had been made by Ms. Seales McLeod. Gray v. Maryland, 523 U.S. 185 (1998). See also Crawford v. Washington, 541 U.S. 36 (2004).

Under the circumstances noted herein, Defendant will be unfairly prejudiced if required to proceed to a joint trial with the co-defendants. Rule 14 of the Federal Rules of Criminal Procedure provides that if a defendant is prejudiced by a joinder of other co-defendants, severance may be ordered.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this Honorable Court grant her a severance of defendants, and to grant her a separate trial from her co-defendant.

Respectfully submitted,

s/_____
Michael E. Lawlor
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 704
Greenbelt, Maryland  20770
(301) 474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2007, a copy of the foregoing Motion was delivered via ECF to Barbara Kittay, Assistant United States Attorney, and to Sol Rose, counsel for Mr. Brockenborrugh.

s/_____
Michael E. Lawlor