```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :    Criminal No. 07-0078 (GK)
                              :
          v.                  :
                              :
DENISE McLEOD and             :
NELSON BROCKENBORRUGH,        :
                              :
          Defendants.         :
```

**OPPOSITION OF THE UNITED STATES TO
DEFENDANT McLEOD'S MOTION FOR SEVERANCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds in opposition to the motion of defendant Denise McLeod for severance of defendants. In support of this opposition, the government incorporates all arguments set forth in its opposition to defendant Brockenborrugh's motion and states as follows:

**Additional Background**

1. Defendants Denise McLeod and Nelson Brockenborrugh are charged with conspiracy to commit wire fraud, wire fraud, D.C. Code offenses of first degree fraud, forgery and uttering, and aiding and abetting, relating to their efforts to fraudulently obtain real property located at 1133 Sixth Street, N.W., in Washington, D.C., owned by the heirs of a man named James Roy.

2. Each of the defendants gave a non-custodial statement to FBI agents, during the course of the investigation.

    a. Defendant McLeod admitted that she committed several acts of forgery and fraud, first forging Mr. Roy's name

-2-

to a deed and filing it, and later participating in negotiations with the heirs, at which misrepresentations were made and during which she uttered a forged document purporting to be an official tax appraisal record. Defendant McLeod described defendant Brockenborrugh's participation in some of these activities, but those portions of her statement can be redacted.

b.  Defendant Brockenborrugh admitted that he became interested in purchasing the real property after a clergyman from the neighborhood brought it to his attention.  He admitted to paying half of the transfer fees (taxes and utilities); to participating in the attempt to sell the property to a developer; and to evicting the residents of the property; all before he participated in the negotiations with the heirs (to which he also admitted).  He stated that he expected to make between $50,000 and $70,000 on the deal.  His statement alleges that he and defendant McLeod, a real estate agent and his "partner" in this deal, had planned to buy the property together, and he alleges that it was defendant McLeod who handled the details of the transfer (about which he claims to know very little), for which she would earn an equal share in the property.  The portions of his statement referring to defendant McLeod can be redacted.

-3-

## Argument

Defendant McLeod requests severance because: 1) defendant Brockenborrugh's counsel "has announced an intention to act as a second prosecutor" (*see* Defendant's Motion at 5) and 2) because she believes there is no remedy sufficient to cure the *Bruton* issues associated with the defendants' statements.  These claims are without merit.

### A.   **Defendant McLeod is not entitled to severance**

The general policy of judicial efficiency "favors joint trials of defendants indicted together, especially when . . . the respective charges require presentation of much of the same evidence, testimony of the same witnesses, and involve two defendants who are charged, *inter alia*, with participating in the same illegal acts." United States v. Sutton, 801 F.2d 1346, 1365 (D.C. Cir. 1986), *citing* United States v. Hines, 455 F.2d 1317, 1334 (D.C. Cir. 1971).

The "judicially developed tests 'reflect[] a policy determination that gains in trial efficiency outweigh the recognized prejudice that accrues to the accused.'" United States v. Piervinanzi, 1990 WL 139021 (S.D.N.Y. 1990) (citation omitted). "Severance is not called for . . . when co-defendants simply blame each other and are mutually hostile to one another." Riley v. United States, 2007 WL 1280587 (D.C. May 3, 2007), *citing* Zafiro v. United States, 506 U.S. 524 (1993).

It is not at all clear from defendant McLeod's pleading what

-4-

her defense will be, let alone how it is antagonistic to or irreconcilable with that of her co-defendant. Neither is it possible to ascertain defendant Brockenborrugh's defense, since it appears only from his pleadings that he intends to blame defendant McLeod. Neither has met a defendant's "heavy burden" to:

> "show facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial. The defendant must demonstrate that he suffered such prejudice as a result of joinder, not that he might have had a better chance for acquittal at a separate trial."

United States v. Chang An-Lo, 851 F.2d 547, 556-57 (2d Cir.), *cert. denied*, 488 U.S. 966 (1988) ("Differing levels of culpability and proof are inevitable in any multiple defendant trial and, standing alone, are insufficient grounds for separate trials").

"The mere fact that one defendant implicates another does not entitle the defendants to separate trials." United States v. Gonzales-Nunez, 8 F.3d 31 (9th Cir. 1993); United States v. Sherlock, 962 F.2d 1349, 1369 (9th Cir. 1989), *cert. denied,* 113 S. Ct. 419 (1992). Nor is it antagonistic, irreconcilable or mutually exclusive of any other defense to claim "absence of guilty knowledge." *See* United States v. Sheikh, 654 F.2d 1057, 1065 (5th Cir. 1981) (the court can "through careful trial supervision" prevent undue prejudice caused by co-defendants' attorneys who reiterate the government's evidence against the other on cross-examination). *See also* United States v. Cervantes, 920 F.2d 937 (9th Cir. 1990) (defense of "no involvement or knowledge" is not

-5-

antagonistic, because it doesn't require that a jury, "to believe the core of [one] defense, must disbelieve the core of [the other]").

Here, neither defendant has met his burden.  Defendant Brockenborrugh does not explain how he intends to become "a second prosecutor" beyond simply reiterating the government's evidence, since it appears only that his defense is to blame his co-defendant and claim lack of knowledge.  Defendant McLeod has not articulated any defense, irreconcilable or otherwise, and it appears she merely intends to put the government to its burden.  Under those circumstances, the Court need not hear the case in two successive trials when it is within its power and discretion to limit the presentation of cumulative proof and repetitive questioning.

### B.  The *Bruton* Issues

Neither are the defendants entitled to separate trials merely because each gave a statement that, in part, implicated the other. *See* Bruton v. United States, 389 U.S. 818 (1968).  In this case, the government clearly is able to present the statements at trial in a manner that reflects only the extent to which each defendant was willing to admit to his and her own involvement, without reference to the acts of any other person.  *See* Gray v. Maryland 523 U.S. 185 (1998); Richardson v. Marsh, 481 U.S. 200 (1987).

In *Richardson*, the Supreme Court expressed a firm preference for joint trials:

-6-

> It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability-advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

Richardson, *supra*, 481 U.S. at 210.

This is likely to be a long trial with many witnesses, each of whom would be forced to appear again in any subsequent trial. The evidence against each defendant is identical -- particularly since they are charged with conspiracy. And, as set forth in response to defendant Brockenborrugh's motion for severance, the evidence is distinct only with respect to a few documents that were altered by defendant McLeod alone, evidence that would be offered against defendant Brockenborrugh in any event. *See* United States v. Wiley, 846 F.2d 150, 154 (2d Cir. 1988) (co-conspirators can be held accountable for the foreseeable acts of co-conspirators). Where, as here, the separate trials would require complete repetition of the evidence, the policies articulated by the Supreme Court, as set forth in *Richardson*, far outweigh any prejudice that might result

-7-

from the presentation of redacted statement.

The government is confident that its presentation of the defendants statements, each limited to the admissions of individual conduct, will avoid undue prejudice and that any slight prejudice which might remain is greatly outweighed by considerations of judicial economy and public confidence in consistent verdicts.

## Conclusion

For the forgoing reasons, the government requests that defendant McLeod's motion to sever be DENIED.

                                Respectfully submitted,

                                JEFFREY A. TAYLOR
                                United States Attorney
                                for the District of Columbia

By: _____
     Barbara E. Kittay
     D.C. Bar No. 414216
     Aaron Mendelsohn
     D.C. Bar No. 467570
     Assistant U.S. Attorneys
     555 4th Street, N.W.
     Washington, D.C.  20530
     (202) 514-9732