UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 07-0078 (GK) |
| | : | |
| v. | : | |
| | : | |
| **DENISE McLEOD** and | : | |
| **NELSON BROCKENBORRUGH,** | : | |
| | : | |
| Defendants. | : | |

### REPLY OF THE UNITED STATES TO DEFENDANT BROCKENBORRUGH'S OPPOSITION TO MOTION *IN LIMINE*

The United States of America, by and through its attorney, the U.S. Attorney for the District of Columbia, hereby replies to defendant Brockenborrugh's opposition to its motion *in limine* to introduce defendants' statements at trial. In support of this motion, the government incorporates original arguments and those made in response to co-defendant McLeod's motion for severance.

In his opposition, defendant Brockenborrugh argues that: 1) the concerns expressed in Bruton v. United States, 389 U.S. 818 (1968), "cannot be cured by redaction or curative instructions" (*see* Defendant's Opposition); and 2) he repeats his general argument that severance "would avoid" the presentation of "extensive evidence"[1] (*id.*). These arguments are without merit.

---

[1] In this regard, defendant Brockenborrugh makes no new or more specific claim, so the government offer no further reply, beyond that fully set forth in its response to defendant McLeod's motion to sever. The government contends that the evidence as to each defendant is virtually identical, particularly where, as here, the defendants are charged with conspiracy and held accountable for each other's foreseeable acts.

-2-

The defendant does not articulate how he is prejudiced by the introduction of his co-defendant's statement which, as he is well-aware, minimally implicates him.  Nor does he articulate how the slight prejudice that might occur outweighs greater concerns of judicial economy, fairness to victims and witnesses, and public confidence in consistent verdicts.  *See* Richardson v. Marsh, 481 U.S. 200 (1987):

> It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability-advantages which sometimes operate to the defendant's benefit.  Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

Richardson, *supra*, 481 U.S. at 210.

For these reasons, for those set forth in its motion *in limine*, and for those set forth in its response to each of the defendants motions to sever, the government believes that it can propose redacted versions of the defendants' statements that will not present issues of undue prejudice.

-3-

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia


By: _____
    Barbara E. Kittay
    D.C. Bar No. 414216
    Aaron Mendelsohn
    D.C. Bar No. 467570
    Assistant U.S. Attorneys
    555 4th Street, N.W.
    Washington, D.C.  20530
    (202) 514-9732