```
             UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**       :       Criminal No. 07-0078 (GK)
                               :
         **v.**                       :
                               :
**DENISE McLEOD**                 :
                               :
         **Defendant.**      :
                               :

<u>GOVERNMENT'S STATEMENT OF THE OFFENSE</u>

     The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Statement of the Offense, in preparation for plea proceedings currently scheduled for Monday, September 24, 2007, and states as follows:

     1.   The defendant is charged with conspiracy to commit wire fraud (in violation of 18 U.S.C. §1349); fraud by wire (18 U.S.C. §1343); first degree fraud (22 D.C. Code §§ 3221 and 3222(a)); forgery (22 D.C. Code §§ 3241 and 3242); uttering (22 D.C. Code §§ 3241 and 3242); and aiding and abetting (22 D.C. Code §1805). Not having been able to reach a plea agreement with the United States, the defendant has communicated her intention to plead guilty to the indictment.

     2.   Pursuant to 18 U.S.C. §1341 and §1349, wire fraud and conspiracy to commit wire fraud carry sentences of not more than 20 years imprisonment, fines of $250,000 or a fine twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), or both,

-2-

and a period of supervised release of not more than three years (18 U.S.C. §3583(b)(2)).  The penalties for the D.C. Code offenses are ten years imprisonment (fraud, forgery and uttering); the possible fines for forgery and uttering are $10,000 each; the possible fine for first degree fraud is $5,000 or three times the value of the property obtained or lost, whichever is greater.  The defendant is also subject to the imposition of a special assessment of $100 per count.  See 18 U.S.C. §3013.

    3.   Pursuant to §2B1.1 of the United States Sentencing Guidelines ("U.S.S.G."), the defendant's base offense level is 7, and she is subject to a specific offense characteristic for pecuniary loss (or intended gain), which may be disputed, but likely will be either "greater than $200,000" (a 12-level enhancement), or "greater than $400,000" (a 14-level enhancement).

    4.   The government is prepared to prove the following:
The defendants:   In 2005, defendant Denise McLeod was a self-employed businesswoman, based in Maryland, who participated in real estate transactions in the District of Columbia.  Her co-defendant Nelson Brockenborrugh was employed as a Court Security Officer at the D.C. Superior Court, located at 500 Indiana Avenue, N.W., in Washington, D.C.  Also employed at the D.C. Superior Court was an individual named Cynthia Russell

-3-

("Russell"), who worked for the Clerk of Court, and who rented and was residing in a house in Maryland (with an option to buy) that was owned by Brockenborrugh, and managed by McLeod. Russell, worked with another individual, named Lashawn Lewis ("Lewis"), who was employed by the Clerk of Court and was also a commissioned notary public in Prince George's County, Maryland.

    2.  <u>The victims</u>:  Prior to his death, on October 13, 2004, a man named James A. Roy was the owner of land and a building, located at 1133 Sixth Street, N.W., in Washington, D.C.  On May 31, 2005, Katrina Robinson, James A. Roy's granddaughter, became the administrator of his estate.

    In April of 2005, defendants McLeod and Brockenborrugh approached a woman who they later learned was Katrina Robinson, while she was at 1133 Sixth Street, N.W.  They discussed with her the possibility that they could purchase the property from her. During those discussions, Ms. Robinson advised that the owner had been her grandfather, but he had recently died.  She and the defendants agreed to discuss a possible sale, sometime in the future.

    3.  <u>The Forgery</u>:  Sometime in August of 2005, defendant McLeod approached Russell and advised that she and "Brock" were interested in acquiring real estate property located at 1133 Sixth Street, N.W., Washington, D.C.  Later in August of 2005, defendant McLeod asked Russell if she knew anyone who was a notary public, so that she could have papers certified in

-4-

connection with the purchase of the property she and defendant Brockenborrugh were acquiring at 1133 Sixth Street, N.W. Defendant McLeod explained to Russell that someone connected with the property had died, and she was seeking to acquire the property from his heirs.  Defendant McLeod told Russell that she was prepared to pay $200 to have the transfer papers notarized. Although Russell knew that $200 was a clearly excessive fee for notarizing a document, Russell told defendant McLeod that her co-worker, defendant Lewis, was a notary public, and Russell began arrangements to have Lewis notarize the deed.  Within days, Russell approached Lewis at work and told her what defendant McLeod wanted and that she would receive a $200 fee for the service.

On or about Sunday, August 28, 2005, defendant McLeod and Russell each contacted Lewis to make arrangements to drive to Lewis's home, in Maryland, to notarize the deed.  It was decided that Russell would pick up the deed at McLeod's residence and drive it to Russell's residence, where Russell would sign the deed as a "witness" to the signature of James Roy (as "Grantor") and Russell would notarize the signatures.

On August 28, 2005, Russell and Lewis did as they had agreed:  Lewis signed as "Witness" to a deed that purported to transfer title to the property from "James A. Roy" to "Denise Seales McLeod" for a price of $10,000, and Lewis certified "that party James A. Roy to a certain deed bearing date on the 28th day

-5-

of August, 2005, and hereto Annexed, personally appeared before me in said P.G. County, the said party being personally well known to me as the person who executed the said deed and acknowledged the same to be his act and deed." In fact, as defendant McLeod, Russell, and Lewis all knew, no such individual was known to them, nor was he present, nor had he at any time signed the deed in their presence. Lewis signed the notary certification and added an official seal to the document.

4. The Uttering: On or about September 8, 2005, defendant McLeod went to the Registrar of Deeds for the District of Columbia and filed the deed, purporting to transfer the property from James A. Roy to herself. She was assessed $7,609.92 in transfer costs, fees, and taxes. One week later, on September 15, 2005, defendant Brockenborrugh gave to defendant McLeod a check for $8,804 (which represented half of the purported $10,000 purchase and half of the transfer fees). The legend of the Brockenborrugh check recited "for my half of 1133 6th Street, N.W." Defendant McLeod endorsed and deposited the check on the same day.

5. The Eviction of Residents and Attempted Sale of the Property: On or about October 6, 2005, the defendants went to 1133 Sixth Street, N.W., and told people who were residing in the building that defendant Brockenborrugh was "a U.S. Marshal" and they were to vacate the premises immediately. Defendants McLeod and Brockenborrugh represented to the residents and others that

-6-

defendant McLeod was the new owner of the property.

Before the eviction, on or about October 1, 2005, defendant McLeod had offered to sell the property located at 1133 Sixth Street, N.W., to a real estate developer in Rockville, Maryland. The developer had agreed to pay a total price of $300,000, and initiated the contract process by requesting that a title company associated with his firm perform a title search of the property.

On or about October 7, 2005, an attorney working for the title company reported to the developer that James Roy, the true owner of 1133 Sixth Street, N.W., had died prior to the filing of a deed that purported to bear his signature, transferring the property to defendant McLeod.  Based on this information, the developer advised defendant McLeod and others that he would not purchase the property until she had properly acquired it from the heirs of James Roy.

6.   The Fraudulent Negotiation:  On or about October 19, 2005, defendants McLeod and Brockenborrugh re-initiated their contact with Katrina Robinson, telling her that they were still interested in purchasing 1133 Sixth Street, N.W.  On or about October 21, 2005, defendant McLeod sent to Ms. Robinson, by telephone facsimile, a proposed contract to buy the house for a total of $130,000 cash.

On or about October 19, 2005, defendants McLeod and Brockenborrugh, along with the developer and others, met with Ms. Robinson at the Cosi Restaurant located at 13th and E Street,

-7-

N.W., in Washington, D.C. The conversation at this meeting was recorded by special agents of the Federal Bureau of Investigation. At this meeting, defendants McLeod and Brockenborrugh made the following misrepresentations about themselves and the condition of 1133 Sixth Street, N.W.:

> (A) The defendants represented that defendant Brockenborrugh was a "U.S. Marshal" and that his influence with the police department was protecting Ms. Robinson from civil liability and a possible $500 per day fine that would arise from the "wrongful housing of the residents who the defendants had forced from the premises;"
>
> (B) The defendants told Ms. Robinson that the building on the premises was worthless, and had to be torn down completely.
>
> (C) The defendants told Ms. Robinson that the building contained asbestos and that they would have to pay $200,000 to decontaminate the building and remove and dispose of the carcinogens, and an additional $100,000 to tear down the house.
>
> (D) The defendants told Ms. Robinson that the tax-assessed valuation of the property, including the building, was between $99,000 and $130,000.

Ms. Robinson told the defendants that she would have to consult with family members who were also heirs of her grandfather. They agreed to meet again on October 28, 2005. In

-8-

preparation for that meeting, Ms. Robinson asked for several assurances from the defendants, including the assurance that she could pass title to the property, for the stated purchase price.

On October 24, 2005, the defendants and others requested that an attorney for the title company associated with the developer send an official letter to Ms. Robinson stating that the title search had disclosed no defects and was ready for transfer.

On or about October 28, 2005, the defendants again met with Ms. Robinson and others purporting to be heirs of James Roy (but who were actually covert FBI agents). Again, the conversations were recorded. At this meeting the defendants participated in the following additional misrepresentation:

The defendants presented a document (previously faxed by defendant McLeod to Ms. Robinson) that purported to have been created by the government of the District of Columbia, which falsely stated that the tax-assessed value of the property was $114,430. This misrepresentation was made by forging a page from a D.C. government website called "taxpayerservicecenter.com." Defendant McLeod forged the document by erasing the value of the building on the property, replacing it by a stated value of "0" and typing the word "INHABITABLE" [sic], by which she was representing the property to be *not* habitable. The defendants presented this false and altered document for the purposes of misleading Ms. Robinson about the value of her property and to

-9-

induce her to accept the purchase price of $130,000.

    7.  <u>Wire Communication</u>:  For the purpose of executing their scheme to defraud Ms. Robinson and the other heirs of James Roy, defendant McLeod and defendant Brockenborrugh did transmit and cause to be transmitted from Maryland to the District of Columbia, to Ms. Robinson and the heirs of James Roy, by wire communication (specifically, by telephone facsimile), the following materials:  On October 21, 2005, defendant McLeod transmitted a proposed contract.  On October 24, 2005, both defendants and others caused the attorney for the title company to fax letters that falsely represented the status of the title to 1133 Sixth Street, N.W.  And finally, on October 24, 2005, the defendants faxed and caused to be faxed to Ms. Robinson an amended contract of sale.

                          Respectfully submitted,

                          JEFFREY A. TAYLOR
                          United States Attorney
                          for the District of Columbia

        By:   _____
              Barbara E. Kittay
              D.C. Bar No. 414216
              Aaron Mendelsohn
              D.C. Bar No. 467570
              Assistant U.S. Attorneys
              555 4th Street, N.W.
              Washington, D.C.  20530
              (202) 514-9732