**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** * | |
| * | |
| v.        * | **Case No.: 07-0078 (GK)** |
| * | |
| **DENISE SEALES MCLEOD** * | |

**MEMORANDUM IN AID OF SENTENCING**

Defendant Denise Seales McLeod, by undersigned counsel, respectfully submits this memorandum in aid of sentencing to offer the Court the opportunity to consider the defendant's request that this Honorable Court extend leniency and mercy in the imposition of the sentence in this matter. As the Court is aware, Ms. McLeod pled guilty to the indictment in this case, without the benefit of a plea agreement.

**I.    DISPUTED GUIDELINES**

The government and defense dispute the loss calculation to be applied in determining the guideline range. As the government correctly notes in its sentencing memorandum, since the defendant intended to purchase to the property at issue for $130,000 and sell it for $300,000, he intended gain would result in an amount greater than $120,000 but less than $200,000, with a resulting increase to the base offense level of 10 and a final base offense level of 14.

**II.    FACTORS IN FAVOR OF A SENTENCE BELOW THE GUIDELINES**

Under the Supreme Court's holding in <u>Booker</u>, the sentencing guidelines are merely advisory, and recommend a sentencing range rather than require it. Post-

<u>Booker</u>, the Court is no longer bound by 18 U.S.C. § 3553(b), which required a sentence within the guidelines range. The Court's sentencing decision is governed by 18 U.S.C. § 3553(a), which allows the Court to consider many factors in imposing a sentence, only one among them the sentencing guidelines. The core requirement of section 3553(a) is that the Court impose a sentence sufficient, but not greater than necessary, to comply with, the purposes set forth in section 3553(a)(2)(numbers 2 through 5 below). Section 3553(a) provides the factors to be considered include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence imposed to protect the public from further crimes of the defendant;

(5) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(6) the kinds of sentences available;

(7) the sentencing guidelines apply to the defendant and which are in effect

on the date of sentencing, and any pertinent policy statement;

(8) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and,

(9) the need to provide restitution to any victims of the offense.

Although the defendant is not requesting that the Court consider a downward departure in this sentencing proceeding, the defendant is in a position to encourage the Court to extend leniency and mercy in exercising discretion in the imposition of a sentence consistent with the spirit of the factors set forth in section 3553 and offer the Court the real opportunity to spare Ms. McLeod from having to be confined within the four walls of a penal institution, based on the following factors:

    A.    Ms. McLeod has displayed extraordinary acceptance of responsibility

Ms. McLeod has displayed an extraordinary acceptance of responsibility. Not only has she acknowledged and accepted full responsibility for the crime she committed, but she did so without the benefit of any plea agreement. Prior to her arrest in this case, Ms. McLeod was interviewed by the case agent and gave a statement admitting her involvement in the criminal scheme. Thereafter, Ms. McLeod, upon hiring counsel, met with the agent and the Assistant United States Attorney and gave a more complete proffer. When the government declined to make a plea offer to her, she pled to the indictment with no agreement and no remuneration for her admission of guilt. Since day one, she also offered to cooperate in the government's case against the co-defendant, though the

government declined that invitation.[1]  Her willingness to cooperate should not now be minimized because the government failed to take her up on her offer.  Instead, the Court should now acknowledge this extraordinary acceptance of responsibility as a factor that warrants downward departure.  See United States v. Rogers, 972 F.2d 489, 493 (2d Cir. 1992) (holding a defendant who exhibits a higher degree of contrition than contemplated by § 3E1.1 may receive downward departure).

### B. Ms. McLeod has settled a civil suit brought by the victims to make them whole

In addition to her extraordinary acceptance of responsibility in these proceedings, Ms. McLeod settled a civil suit brought by the victims in this case.  At the outset, at the attached letter reflects, prior to her retaining a civil attorney, Ms. McLeod signed a consent order in an effort to restore the victims title and undue the damage she had inflicted.  Thereafter, she settled the civil suit and made the victims whole in terms of any financial suffering they incurred, as well as the damage to the title in the property at issue in this case.  Naturally, Ms. McLeod did this without the assistance of any co-defendant.

---

[1] The government claims Ms. McLeod was somehow shielding the co-defendant at her plea colloquy.  However, Ms. McLeod disagreed with **one** fact in the government's statement of facts.  Specifically, she advised the Court that the co-defendant was not present with her at a time when she sent certain facsimiles, but indicated he was aware that she was doing so.

### C. Ms. McLeod realized no actual gain in this case and the victims have been restored

Though the guidelines in this case revolve around a dispute of intended gain, Ms. McLeod realized no actual gain in this case as the plan to defraud the property was thwarted. Further, as noted, Ms. McLeod has seen to it that the victim's have been made whole. Application note 19 to §2B1.1 notes that a downward departure (or in this case, a variance) might be appropriate if guidelines substantially overstates the seriousness of the offense. While nothing in this submission is intended to minimize the seriousness of the offense, given that Ms. McLeod realized no actual gain in this case and that the victims suffered no loss, a sentence below the guideline range may be warranted.

### D. Other personal factors warrant a sentence below the guideline range

As will be discussed more fully at the sentencing hearing in this case, Ms. McLeod is otherwise worthy of this Court's mercy based on her life history, including her excellent employment history, and the fact that, in addition to raising her own children, Ms. McLeod took custody of two foster children and cared for them and supported them. She has been gainfully employed her entire adult life. Indeed those who know her, and will speak on her behalf at sentencing, will advise the Court that the conduct in this case is not representative, in any manner, of the type of conduct Ms. McLeod usually engages in. She continues to work to provide for herself and her family. Given her age, her level of education, and the manner in

which she took complete responsibility in this case, the Court can be assured that Ms. McLeod is of no risk to recidivate.

## CONCLUSION

For the above-mentioned reasons, and others that will be noted at the sentencing hearing in this case, Ms. McLeod respectfully urges this Court to impose a sentence below the guideline range and to consider a sentence of home confinement in lieu of incarceration. We agree that the conduct in this case was egregious. Since that time, Ms. McLeod has done everything possible to accept responsibility and to make the victims whole. This sentence would accomplish the goal of just punishment, reflect the seriousness of the offense, deter future criminal behavior, and protect the public.

Respectfully submitted,

s/_____
Michael E. Lawlor
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 704
Greenbelt, Maryland  20770
(301) 474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2007, a copy of the foregoing Motion was delivered via ECF to Barbara Kittay, Assistant United States Attorney.

s/_____
Michael E. Lawlor

LAW OFFICES
OF
### SEGEL & MARMELSTEIN, P.C.

ONE CENTRAL PLAZA
SUITE 802
11300 ROCKVILLE PIKE
ROCKVILLE, MARYLAND 20852
(301) 770-9440
FAX: (301) 770-5217

ERIC W. SEGEL
MICHAEL E. MARMELSTEIN

MEMBERS OF
MARYLAND & DC BAR

D.C. OFFICE
SUITE 902
1828 L STREET, N.W.
WASHINGTON, D.C. 20036

December 11, 2007

Michael E. Lawlor, Esquire
Lawlor & Englert, LLC
6305 Ivy Lane, Suite 704
Greenbelt, Maryland 20770

    RE:   Denise Seales-McLeod
             Civil Suit - <u>Katrina D. Robinson,PR v. Seales-McLeod</u>
             Case #: 2005 CA 008780B

Dear Mr. Lawlor:

      As you know, I represented Denise Seales-McLeod in relation to the civil suit which stemmed from the same facts and circumstances as the related criminal case against her. The Plaintiff in this matter was Katrina D. Robinson, as Personal Representative for the Estate of James A. Roy. She had filed a civil complaint against Denise Seales-McLeod alleging fraud in connection with a fraudulent deed for the property located at 1133 6th Street, N.W., Washington, D.C.

      Please be advised that this matter has been fully resolved by Ms. Seales-McLeod. She paid back the Estate a total of $19,000.00, which represents all of the damages claimed by the Plaintiff in this suit. This was done entirely through her own funds with no contribution from any of the other criminal defendants in your case. A Stipulation of Dismissal (with prejudice) has been filed with the Court, closing this matter (copy attached).

      Additionally, I do believe it is worth noting a few important aspects of Ms. Seales-McLeod's handling of this civil matter, which I do believe supports Ms. Seales-McLeod's full cooperation and full restitution to the victim.

      First, upon receiving notice that a lawsuit had been filed against her, Ms. Seales-McLeod <u>without legal counsel</u>, went directly to Plaintiff counsel's office to accept service of the lawsuit, <u>and at the same time, immediately signed a Consent Order to record into the land records of the District of Columbia to correct the initial fraudulent deed.</u>

LAW OFFICES OF
# SEGEL & MARMELSTEIN, P.C.

Michael E. Lawlor, Esquire
Lawlor & Englert, LLC
December 11, 2007
Page 2

  After that had been completed, Ms. Seales-McLeod willingly paid all damages claimed by the Plaintiff. This was not a subject of negotiation, but rather an easy exchange between counsel as to their claimed damages and Ms. Seales-McLeod's payment of such damages. The Stipulation was thereafter filed and the matter was resolved in its entirety.

  Should you have any further questions or concerns, please feel free to contact me.

       Very truly yours,

       Michael E. Marmelstein

MEM/cat
Enclosures

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

KATRENA D. ROBINSON, Pers. Rep., :
Estate of James A. Roy :
: Civil Action #: 05-CA-0008780
Plaintiff, :
: Calender 7, Judge ~~Neal E. Kravitz~~ Judith Bartnoff
: Next Event: Status Hearing 1/12/07
v. :
:
DENISE SEALES MCLEOD :
:
Defendant :

RECEIVED
Civil Clerk's Office
JAN 0 9 2007
Superior Court of the
District of Columbia
Washington, D.C.

## STIPULATION OF DISMISSAL

Pursuant to D.C. Super. Ct. Rule 41(a), the parties hereby stipulate to the dismissal of the captioned matter with prejudice.

Respectfully Submitted,

_____
Michael E. Marmelstein, Esquire
Unified Bar #459198
11300 Rockville Pike, Suite 802
Rockville, Maryland 20852
(301) 770-9440
Attorney for the Defendant

_____
David L. Scull, Esquire
Unified Bar #46755
3 Bethesda Metro Center #645
Bethesda, MD 20814
301-913-9660
Attorney for the Plaintiff

_____
Richard P. Schmitt #256024
1050 17th St., NW #1100
Washington, DC 20036
202-659-6500
Attorney for Plaintiff